UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALICE ENKABABIAN,

       Plaintiff,

v.                                          CASE No. 8:06-CV-1231-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

       Defendant.

_____

## O R D E R

       The plaintiff in this case seeks judicial review of the denial of her claim for Social Security disability benefits.[2] Because the decision of the Commissioner of Social Security fails to evaluate a treating physician's opinions concerning the plaintiff's chronic fatigue syndrome, it will be reversed and the matter remanded for further consideration.

I.

---

[1] Michael J. Astrue has become the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted as the defendant in this suit.

[2] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 13).

The plaintiff, who was fifty-three years old at the time of the administrative hearing and who has a college education, has worked primarily as a Social Security claims representative (Tr. 19, 478). She filed a claim for Social Security disability benefits, alleging that she became disabled due to clinical depression, chronic fatigue syndrome, and a neck injury that also affects the right hand (Tr. 72). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of neck and shoulder strain, memory loss, and an adjustment disorder with depressed mood (Tr. 25). He concluded that these impairments limited the plaintiff to simple, repetitive, light work with a restriction against over-the-shoulder reaching and frequent neck movement (id.). The law judge determined that these restrictions prevented the plaintiff from returning to prior work (id.). However, based upon the testimony of a vocational expert, the law judge ruled that there was other work in the national economy that the plaintiff could perform, such as a cashier II, telephone survey worker, and office helper (Tr. 26). Accordingly, the law

-2-

judge decided that the plaintiff was not disabled. The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact

-3-

made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper

legal standards were applied and legal requirements were met. <u>Lamb</u> v.
<u>Bowen</u>, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

At the hearing, the law judge stated that, if the plaintiff was
going to be awarded disability benefits, it would be on the basis of chronic
fatigue, or some sort of cognitive disorder (Tr. 499-500). The plaintiff's
attorney agreed with that assessment (Tr. 500).

In his decision, the law judge focused primarily on the plaintiff's
mental impairment. The law judge stated that, "[w]ith regard to [the
plaintiff's] mental health problems, all of the experts premise their
conclusions [of marked limitations] upon a claimed series of head injuries
over the years" (Tr. 21). The law judge discounted those opinions, however,
because "other than the claimant's assertion, there is no evidence of any head
injury" (Tr. 21-22). Moreover, he found those assertions of past head traumas
not credible (Tr. 22).

The plaintiff criticizes the law judge for discounting the opinions
of the mental health experts (Doc. 19, pp. 14-18). However, the law judge
could reasonably conclude that the mental health expert's opinions were

-5-

improperly skewed by the plaintiff's assertions of several past concussions, assertions that the law judge found not to be credible, and that the opinions should therefore be discounted. Significantly, at the hearing, the law judge alerted plaintiff's counsel to his views on this matter (Tr. 494-501), and no evidence substantiating past head injuries was forthcoming.

Furthermore, the law judge did not totally reject the opinions of the mental health experts. Rather, he found that the plaintiff had severe impairments of memory loss and an adjustment disorder with depressed mood (Tr. 25). He concluded that these impairments resulted in a moderate restriction in concentration, persistence, or pace (Tr. 23). He therefore determined that the plaintiff's mental impairments restrict her to simple, repetitive job tasks (id.). The law judge could reasonably conclude that, to the extent that the opinions of the mental health experts stated limitations greater than this, the opinions should be discounted because they were based on the plaintiff's assertions of head injuries that the law judge had found to be unsubstantiated and not credible.

The law judge's discounting of these opinions is consistent with Eleventh Circuit principles concerning the evaluation of opinions by treating

-6-

physicians. Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not according them such weight. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11ᵗʰ Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or when the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11ᵗʰ Cir. 1997). The law judge, as indicated, provided good cause for discounting the opinions of the mental health experts.

The same cannot be said, however, for the law judge's rejection of the opinions of the plaintiff's treating primary care physician, Dr. Brunilda Nazario. Dr. Nazario diagnosed the plaintiff as suffering from, among other things, chronic fatigue syndrome (see, e.g., Tr. 204). Moreover, Dr. Nazario has filled out several questionnaires that indicate that the plaintiff has marked limitations (Tr. 123-25, 346-48) and physical restrictions, including the inability to work more than four hours per day and the need to lie down and rest during the day (Tr. 372, 387).

The law judge did not adequately explain why he was discounting these opinions by Dr. Nazario. The law judge stated that the doctor's opinion that the plaintiff had marked limitations in concentration and ability to follow instructions "is primarily premised on the claimant's assertion of previous head injuries, which are not supported in the record" (Tr. 21).

However, as the plaintiff points out, Dr. Nazario gave no indication that her opinions regarding those marked limitations were premised on the plaintiff's assertion of head injuries. Furthermore, two of the questionnaires that Dr. Nazario submitted set forth physical functional limitations, such as restrictions on the plaintiff's ability to sit, stand, and walk (Tr. 370, 385). Those limitations are based upon the plaintiff's chronic fatigue syndrome, and not upon an allegation of prior head injuries. The law judge gave no explanation for rejecting Dr. Nazario's opinions regarding the plaintiff's physical functional limitations. The failure to articulate reasons for giving less weight to the opinions of a treating physician is reversible error. Lewis v. Callahan, supra.

The law judge's decision is also deficient because he failed to evaluate the plaintiff's impairment of chronic fatigue syndrome. This failure is inexplicable since, as indicated, the law judge stated at the hearing that, if the plaintiff were to receive benefits, it would be on the basis of chronic fatigue, or some sort of cognitive disorder (Tr. 500). While the law judge assessed the latter condition, he did not evaluate the diagnosis of chronic fatigue syndrome.

It is basic that the law judge must state the weight accorded each item of impairment evidence and the reasons for his decision on that evidence. Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986). Accordingly, the Eleventh Circuit in Vega v. Commissioner of Social Security, 265 F.3d 1214 (11th Cir. 2001), held that, where, as here, the plaintiff has submitted evidence of a diagnosis of chronic fatigue syndrome, a law judge's failure to consider that condition requires a remand. As indicated, Dr. Nazario has made a diagnosis of chronic fatigue syndrome.

<u>Vega</u> establishes that the law judge's failure to assess that condition warrants a remand.[3]

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby REVERSED, and the matter is REMANDED for further consideration. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 21st day of February, 2008.

<u>Thomas G. Wilson</u>
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

---

[3]It is appropriate to note that the error is not that the law judge failed to find that the chronic fatigue syndrome was a severe impairment, but that he failed to address the condition at all.

-10-